Note. — The Court gave no reasons for their decision in this case, so that we know not with absolute certainty upon what grounds their opinion was formed. Whether the. Plaintiff lost his right of possession by laches, or by the descent cast: Whether the possession of the Defendant and those under whom he claimed, operated only to bar the Plaintiff’s remedy, or likewise to perfect his own title, are matters left for conjecture. A reference to subsequent cases may perhaps point out to us the principles upon which it should have been decided. If the descent cast was relied upon by the Court, I know of no decision in tlris State, either affirming or overruling it, and it would be presumptuous in me to venture to predict what would be the decision of our Judges upon a case in which that point should arise. The question might occur in the case of a person who had obtained, and continued in possession of lands for five years, either with or without colour of title, and then should die in possession leaving heirs ; with the additional circumstance, in case where he had colour of title, that his death should be before the expiration of seven years. Where the possessor had no colour of title, I presume, according to the present notion of such a possession in this State, his heir would acquire no greater right than he had ; but if the possession was accompanied with colour of title, it would be for our Courts *16 (0 say whether the English law was founded upon doctrines which do not suit the circumstances of this country, or whether it is not equally politic here to protect at least the possessory right of an heir claiming under such descent. If the Court, in this case, were influenced by the length of the Defendant’s possession, which, with that of those under whom he claimed, was said in argument to be thirty-six years, we shall find that later decisions have put a different construction on the statute of limitations. It will be remarked, that the Defendant’s possession in this case, was a naked one without colour of title. In the case of Young v. Irwin, 2 Hay. 9, it was said by Haywood, Judge, that the Plaintiff need not have been in actual possession within seven years: that his title by deed, or grant gives him a constructive possession, which preserves his right of entry, until it be destroyed by an actual adverse possession, continued for seven years under colour of title. Slade v. Smith, post 248, decides, that when a man has obtained a grant of land, be has a constructive possession until an actual adverse possession commences, which adverse possession must be a continued one for seven years before the jus intrandi of the grantee is lost. And the case of Borrets v. Turner, 2 Hay. 97, and of Stanly v. Turner, Con. Rep. 533. S. C. 1 Murph. 14. shows, that the adverse possession must be under colour of title. Vide the observations of Haywood, Judge, upon the case of Armour v. White, 2 Hay. 87 inserted likewise in a note to Stanly v. Turner, 1 Mur. 14. As to what is a sufficient possession under the act, vide Andrews v. Mulford, post 311. Grant v. Winbourne, 2 Hay. 56. Anon. ib. 76. As to colour of title, vide - v. Ashe, 2 Hay. 103. Pearce v Owens, ibid 235. Evans v. Satterfield, 1 Mur. 413 Hill’s heirs v. Wilton’s heirs, 2 Mur. 14 Trustees of University v. Blount, N C. Term Rep. 13. Jones v. Putney, 3 Mur. 562. Tate v. Southard, 1 Hawks 45. Campbell v, M’Arthur, 2 Hawks 33 Episcopal Church of Newbern v. Newbern Academy, ibid 233. Rayner & wife v. Capehart, ib. 375. Tate’s heirs v. Southard, 3 Hawks 119.